**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jose Roberto ZUNIGA–MARTINEZ,**
**Defendant–Appellant.**

No. 12–40832
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2013.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

---

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM: *

Jose Roberto Zuniga–Martinez pleaded guilty to Count Two of a four-count indictment, a charge of importing into the United States five kilograms or more of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(B). He was sentenced within the guidelines sentencing range to 125 months of imprisonment. Represented by the Federal Public Defender, Zuniga–Martinez raises an argument, in order to preserve the issue for further review, that he correctly concedes is foreclosed by circuit precedent.

Knowledge of drug type and quantity is not an element of an offense under 21 U.S.C. § 841, *see United States v. Betancourt,* 586 F.3d 303 (5th Cir.2009), nor is such knowledge an element of an offense under the related statutes of § 952(a) and § 960(a). *United States v. Restrepo–Granda,* 575 F.2d 524, 527 (5th Cir.1978); *see United States v. Valencia–Gonzales,* 172 F.3d 344, 345–46 (5th Cir.1999). Accordingly, the Government was not required to prove that Zuniga–Martinez knew the type or quantity of drugs in-

---

volved. *See United States v. Puente–Vasquez,* 34 Fed.Appx. 962, 962 (5th Cir.2002) (§§ 841(a)(1), 952(a), 960(a)(1)).

The Appellant's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.